### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Andres Jimenez-Carranza, Ana Maria Pina-Rosales, Rigoberto Barreto, Ramon Duran, Reyna Maria Madera-Diera, Maria I. Mondragon, and Jose Perez, and individually and on behalf of other employees similarly situated, Plaintiff<br>v.<br>SBM Maintenance Contractors, Inc. and Robert Norton, individually, Defendants | |

### COMPLAINT

NOW COME Andres Jimenez-Carranza, Reyna Maria Madera-Diera, Maria I. Mondragon, Ana Maria Pina-Rosales, Jose Perez, Rigoberto Barreto, and Ramon Duran, individually, and on behalf of other employees similarly situated, ( "Plaintiffs") through counsel, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and 30 ILCS 500/1-1 *et seq.*, commonly known as the Illinois Procurement Code ("IPC") and complains against SBM Maintenance Contractors, Inc. ("SBM"); and Robert Norton, individually, (collectively, "Defendants") and in support of this Complaint, state:

### INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the FLSA, the IMWL, and the IPC for Defendants' failure to (1) pay Plaintiffs and other similarly situated employees at least Illinois mandated minimum wages for all hours worked in a workweek and (2) pay Plaintiffs the prevailing wage for services Plaintiffs performed under State service contracts.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated Plaintiffs their earned and living wages.

4. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Plaintiffs reside in and are domiciled in Cook County and DuPage County, both of which are in this judicial district.

8. Plaintiffs performed work for Defendants in DuPage County, which is in this judicial district.

9. During the course of their employment, Plaintiffs' work activities engaged them individually in commerce.

10. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce.

11. During the course of employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., and the IMWL, 820 ILCS 105/1 et seq.

### Defendants

12. Defendant SBM is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. Upon belief and information, Defendant SBM has annual gross sales of at least $500,000.00.

14. Plaintiffs and other similarly-situated employees handled goods that moved in interstate commerce.

15. Defendant SBM was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

16. Defendant Robert Norton is the owner of SBM and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

17. Defendant Robert Norton was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

18. Defendant Robert Norton resides and is domiciled in this judicial district.

### FACTS

19. All Plaintiffs performed janitorial services as directed by Defendants at schools within Addison School District 4, located in Addison, Illinois.

20. Plaintiffs Andres Jimenez-Carranza worked for Defendants from September 1998 to July 2015.

21. Plaintiffs Ana Maria Pina-Rosales worked for Defendants from February 2000 to July 2015.

22. Plaintiffs Rigoberto Barreto worked for Defendants from May 2000 to June 2015.

23. Plaintiffs Ramon Duran worked for Defendants from November 2003 to June 2015.

24. Plaintiffs Reyna Maria Madera-Diera worked for Defendants from December 2006 to June 2015.

25. Plaintiffs Maria I. Mondragon worked for Defendants from December 2006 to July 2013 and then from October 2013 to June 2015.

26. Plaintiffs Jose Perez worked for Defendants from May 2012 to July 2015.

27. The minimum wage requirement under the IPC for janitorial workers in DuPage County was at least $13.25 per hour in 2015, at least $12.25 in 2014, and at least $12.00 in 2013.

28. During the relevant employment period, Defendants paid Plaintiffs Andres Jimenez-Carranza $9.58 per hour and $10.00 from July 2014 to July 2015.

29. During the relevant employment period, Defendants paid Plaintiffs Ana Maria Pina-Rosales $9.30 per hour and $9.44 per hour from July 2014 to July 2015.

30. During the relevant employment period, Defendants paid Plaintiffs Rigoberto Barreto $9.36 per hour and $9.50 per hour from July 2014 to June 2015.

31. During the relevant employment period, Defendants paid Plaintiffs Ramon Duran $9.58 per hour and $9.72 per hour from July 2014 to June 2015.

32. During the relevant employment period, Defendants paid Plaintiffs Reyna Maria Madera-Diera $9.14 per hour and $9.28 per hour from July 2014 to June 2015.

33. During the relevant employment period, Defendants paid Plaintiffs Maria I. Mondragon $9.25 per hour and $9.39 per hour from July 2014 to June 2015.

34. During the relevant employment period, Defendants paid Plaintiffs Jose Perez $9.25 per hour and from $9.39 per hour from July 2014 to July 2015.

35. Plaintiffs were not paid at least the minimum wage requirement under the IPC for janitorial workers in DuPage County during the relevant time period.

36. Throughout the course of Plaintiffs' employment with Defendants and in the three (3) years before Plaintiffs filing this Complaint, Defendants scheduled Plaintiffs to work in excess of forty (40) hours per week in one or more individual work weeks.

37. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years before Plaintiffs filing this Complaint, Plaintiffs did work in excess of forty (40) hours per week in at least one or more individual work weeks, and at times up to approximately fifty two (52) hours in one or more individual work weeks.

38. In the three (3) years before Plaintiffs filing this Complaint, other similarly situated employees employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

39. Although Defendants scheduled Plaintiffs to work in excess of forty (40) hours per week, Defendants did not pay Plaintiffs proper overtime wages at a rate of one and one-half (1.5) times the minimum wage requirements under the IPC for janitorial workers in DuPage County for all hours worked in excess of forty (40) hours.

40. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

41. Neither Plaintiffs nor other similarly situated employees were exempt from minimum wage requirements under the IPC for janitorial workers in DuPage County, the FLSA, or the IMWL.

42. Neither Plaintiffs nor other similarly situated employees were exempt from the overtime provisions of the FLSA, or the IMWL.

## COUNT I: FLSA VIOLATION - OVERTIME WAGES

43. Plaintiffs re-incorporate by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

44. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

45. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times the minimum wage requirements under the IPC for janitorial workers in DuPage County for all hours worked in excess of forty (40) hours in their individual workweeks.

46. Defendants' failure and refusal to pay proper overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

47. Defendants' failure and refusal to pay proper overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

48. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL VIOLATION - OVERTIME WAGES

49. Plaintiffs re-incorporate by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

50. This Count arises from Defendants' failure to pay Plaintiffs proper overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL at a rate of at least one and one-half (1.5) times the minimum wage requirements under the IPC for janitorial workers in DuPage County.

51. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks, up to fifty two (52) hours in individual work weeks.

52. Plaintiffs were entitled to be paid proper overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

53. Defendants did not pay Plaintiffs proper overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

54. Defendant's violated the IMWL by failing to pay Plaintiffs proper overtime wages for all hours worked in individual work weeks.

55. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: FLSA VIOLATION - MINIMUM WAGES

56. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

57. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees unless exempt.

58. Defendants did not pay Plaintiffs or the class members at least the minimum wage rate as required by the IPC for janitorial workers in DuPage County for all hours worked in one or more workweeks during the prior three (3) years.

59. Defendants' failure to pay minimum wage rates to Plaintiffs and class members as required by the IPC for janitorial workers in DuPage County violated the FLSA.

60. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiffs and other similarly situated employees of their right to receive the minimum wage rate as required by the IPC for janitorial workers in DuPage County.

61. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage rates as required by the IPC for janitorial workers in DuPage County was a willful violation of the FLSA.

62. Defendants violated the FLSA by refusing to compensate Plaintiffs and similarly situated employees consistent with the minimum wages provisions of the FLSA.

63. Plaintiffs and other similarly situated employees are entitled to recover unpaid minimum wages as required by the IPC for janitorial workers in DuPage County for up to three years prior to the filing of this lawsuit because Defendants' failure to pay these rates was a willful violation of the FLSA.

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of Defendants;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**COUNT IV: IMWL VIOLATION - MINIMUM WAGES**

64. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

65. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiffs, and other similarly situated employees, the Illinois-mandated minimum wage rates as required by the IPC for janitorial workers in DuPage County for all hours worked in individual work weeks.

66. Plaintiffs were directed to work by Defendants and, in fact, did work but were not compensated at the rates required by the IPC for janitorial workers in DuPage County for all time worked.

67. Plaintiffs is entitled to be paid not less than the Illinois-mandated minimum wage as required by the IPC for janitorial workers in DuPage County for all hours worked in individual work weeks.

68. Defendant did not pay Plaintiffs the Illinois-mandated minimum wage rate as required by the IPC for janitorial workers in DuPage County for all hours worked in individual work weeks.

69. Defendant's failure to pay Plaintiffs the Illinois-mandated minimum wage rate as required by the IPC for janitorial workers in DuPage County for all hours worked in individual work weeks was a violation of the IMWL.

70. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: IPC VIOLATION

71. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

72. The matters set forth in this Count arise from Defendants' violation of the prevailing wage requirements of the IPC, 30 ILCS 500/1-1 *et seq*.

73. Defendants employed Plaintiffs to perform "services", specifically "janitorial cleaning services", under state service contracts, as defined by the ICA, 30 ILCS 500/25-60(a). Pursuant to the IPC, Plaintiffs were entitled to be compensated at the general prevailing rate of hourly wages.

74. Defendants were obligated to compensate Plaintiffs at no less than the general prevailing rate of hourly wages for janitorial services in DuPage County for periods of time Plaintiffs performed work for Defendants on Illinois state service contracts, as defined by the IPC.

75. Plaintiffs were not compensated at the general prevailing rate of hourly wages for work they performed for Defendants on Illinois state service contracts, as defined by the IPC.

76. In failing to compensate Plaintiffs at the general prevailing rate of hourly wages for work they performed for Defendants on Illinois state service contracts, Defendants violated the IPC.

77. Pursuant to 820 ILCS § 130/11, workers, such as Plaintiffs, who are not compensated at the general prevailing rate of hourly wages, are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2 %) per month of the amount of any penalty to the State of Illinois.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between wages paid and the prevailing wage rate;

B. Punitive damages pursuant to the formula set forth in 820 ILCS § 130/11;

C. Award reasonable attorneys' fees and costs; and

Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

**/s/ Valentin T. Narvaez**
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com